

Jackson Lewis P.C.
677 Broadway
Ninth Floor
Albany NY 12207
Tel 518 512-8700
Fax 518 242-7730
www.jacksonlewis.com

| ALBANY NY | GREENVILLE SC | MONMOUTH COUNTY NJ | RALEIGH NC |
| --- | --- | --- | --- |
| ALBUQUERQUE NM | HARTFORD CT | MORRISTOWN NJ | RAPID CITY SD |
| ATLANTA GA | HONOLULU HI* | NEW ORLEANS LA | RICHMOND VA |
| AUSTIN TX | HOUSTON TX | NEW YORK NY | SACRAMENTO CA |
| BALTIMORE MD | INDIANAPOLIS IN | NORFOLK VA | SALT LAKE CITY UT |
| BIRMINGHAM AL | JACKSONVILLE FL | OMAHA NE | SAN DIEGO CA |
| BOSTON MA | KANSAS CITY REGION | ORANGE COUNTY CA | SAN FRANCISCO CA |
| CHICAGO IL | LAS VEGAS NV | ORLANDO FL | SAN JUAN PR |
| CINCINNATI OH | LONG ISLAND NY | PHILADELPHIA PA | SEATTLE WA |
| CLEVELAND OH | LOS ANGELES CA | PHOENIX AZ | ST. LOUIS MO |
| DALLAS TX | MADISON, WI | PITTSBURGH PA | STAMFORD CT |
| DAYTON OH | MEMPHIS TN | PORTLAND OR | TAMPA FL |
| DENVER CO | MIAMI FL | PORTSMOUTH NH | WASHINGTON DC REGION |
| DETROIT MI | MILWAUKEE WI | PROVIDENCE RI | WHITE PLAINS NY |
| GRAND RAPIDS MI | MINNEAPOLIS MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY EMAIL ADDRESS IS: BENJAMIN.NEIDL@JACKSONLEWIS.COM

October 11, 2019

**<u>Via Electronic Filing</u>**

The Honorable Mae D'Agostino
United States District Judge
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, N.Y.  12207

Re:   Jamie L. Raucci v. Center for Disability Services, Inc.
       Civ. Case No.: 1:19-CV-1002 (MAD/CPH)

Dear Judge D'Agostino:

This firm represents the defendant, Center for Disability Services, Inc. ("CDS") in the above-referenced matter.  Please accept this as a pre-motion letter pursuant to ¶2A of your Individual Rules and Practices.  We plan to file a partial motion to dismiss pursuant to Federal Rule 12(b).  Our time to appear is October 18, 2019.

The plaintiff is a former CDS employee who alleges that she was discriminated against after she became pregnant.  By way of concise summary, the plaintiff alleges that after she revealed that she was pregnant: (a) she was criticized for some prior absences which she claims had been authorized; and (b) that CDS failed to accommodate her request to reduce her work schedule.  Although the minute details are not relevant to this letter, CDS denies any discriminatory conduct and would demonstrate that the plaintiff was the subject of a number of performance issues (including absences), and that CDS offered the plaintiff reasonable and appropriate



accommodations which she declined.  The Complaint asserts eight causes of action.  We propose to file a motion to dismiss six of them for reasons set forth below.

**1.     The state law claims are barred because the plaintiff elected her remedies and the NYS Division of Human Rights found no probable cause.**

The Second, Fourth, Sixth and Eighth Causes of Action purport to assert claims under the New York State Human Rights Law ("NYSHRL").  All of those claims should be dismissed because the plaintiff elected to pursue her state law remedies with a complaint to the New York State Division of Human Rights (the "Division").  After investigation, the Division determined that there was no probable cause to support the plaintiffs' allegations and dismissed her complaint (*see* attached Determination of February 12, 2019).  Under the NYSHRL, the plaintiff's sole available remedy after that determination was to appeal to the New York State Supreme Court within 60 days, which she did not do.  *See* N.Y. Executive Law §§297(2) and 298.  That election of remedies, and failure to appeal, deprives this Court of jurisdiction over the state law claims.  *See York v. Ass'n of the Bar*, 286 F.2d 122, 127 (2d Cir. 2002); *McAllister v. Quick Park*, 661 Fed. Appx. 61, 63-64 (2d Cir. 2016).

**2.     The federal "hostile work environment" and "retaliation" claims (the First and Seventh Causes of Action) should be dismissed for failure to state a claim.**

The Complaint asserts only conclusory allegations with respect to the plaintiff's First and Seventh Causes of action, based on "hostile work environment" and "retaliation" theories, respectively.

Under the *Twombly* pleading framework, the plaintiff must present non-conclusory allegations tending to show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Holohan v. Newmark & Co. Real*

*Estate*, 2019 U.S. Dist. LEXIS 160061, at *6 (S.D.N.Y. Sept. 16, 2019); *see also Harrison v. State Univ. of N.Y. Downstate Med. Ctr.*, 2018 U.S. Dist. LEXIS 114679, at *29-30 (E.D.N.Y. Jul. 6, 2018) *adopted at*, 2018 U.S. Dist. LEXIS 144562 (E.D.N.Y. Aug. 24, 2018). A few episodic "unpleasant interactions" with a supervisor or co-worker is insufficient to meet the standard. *Harrison*, 2018 U.S. Dist. LEXIS 114679, at *32.

The Complaint does not allege that the plaintiff had an abusive working environment. The "hostile work environment" claim is simply based on the same factual allegations as her disparate treatment and pregnancy discrimination claims (the Third and Fifth Causes of Action)—that is, that she was allegedly denied a reasonable accommodation (reduced schedule) when she became pregnant, and that her supervisor criticized her for absences which, the plaintiff claims, were authorized. There are no factual allegations at all showing "that that "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult" to a severe or pervasive degree.

The plaintiff's retaliation claim has a similar defect. Under the *Twombly* framework, the plaintiff must allege facts showing: "(1) defendants discriminated—or took an adverse employment action—against [her], (2) <u>'because' [she] ha[d] opposed an unlawful employment practice</u>." *Spires v. Metlife Grp., Inc.*, 2019 U.S. Dist. LEXIS 160181, at *23 (S.D.N.Y. Sept. 18, 2019)(emphasis added). Here, the plaintiff does not allege that she suffered an adverse employment practice because she "had opposed an unlawful employment action." Rather, she simply alleges that she asked for an accommodation (reduced schedule) and that it was denied.

Accordingly, CDS intends to move against the foregoing causes of action, so that the parties and the Court may instead focus on the Third and Fifth Causes of Action (the disparate treatment and pregnancy discrimination claims) which are what the factual allegations of the Complaint are actually about. (Again, CDS denies the plaintiff's allegations of discrimination.)

We thank the Court for its assistance in this matter.

Very truly yours,

JACKSON LEWIS P.C.

Benjamin F. Neidl

Encl.

c.c.  Ronald J. Kim, Esq. (via ECF)
*Attorney for the Plaintiff*



## Division of Human Rights

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

JAMIE L. RAUCCI,

                               Complainant,

v.

CENTER FOR DISABILITY SERVICES, INC.,

                               Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10196362

Federal Charge No. 16GB804572

---

On 8/16/2018, Jamie L. Raucci filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of disability, familial status, pregnancy-related condition, sex in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The Complainant worked for the Respondent as a Program Manager from September 25, 2017 until her resignation on August 31, 2018. The Respondent, Center For Disability Services, Inc., employed the Complainant at its Bouchard Residence.

The Complainant alleged that she was discriminated against by the Respondent because of her disability, sex, familial status, and pregnancy related condition. Specifically, the Complainant alleged that she was harassed and wrongfully disciplined by her supervisors after she informed them of her pregnancy. Additionally, the Complainant alleged that the Respondent denied her a reasonable accommodation for her disability.

There is insufficient evidence to support the allegations of unlawful discrimination contained in this complaint. The investigation has not revealed that the Complainant was discriminated against because of her disability, sex, familial status, or pregnancy related condition.

Although the Complainant alleged that she was harassed and disciplined by her supervisors because of her disability, sex, familial status, and pregnancy related condition, the investigation did not find sufficient evidence to support her allegation. Here, the Complainant alleged that she received a written disciplinary warning in early-July of 2018 informing her that her attendance and performance were becoming an issue. The Complainant attempts to connect the written disciplinary warning to her act of informing her supervisors about her pregnancy, which occurred only a few days before she was issued the written disciplinary warning.

However, the record revealed that the Complainant had 30 unscheduled absences between September 25, 2017 and July 2, 2018. Despite the Complainant's assertion that the unscheduled absences should be overlooked because they were for valid reasons, the record revealed that the Respondent's attendance policy specifically stated that unscheduled absences exceeding 5 could result in discipline. Importantly, the record revealed that the Complainant had two unscheduled absences immediately before she was counseled about her attendance, which strongly implies that the written discipline was issued for the legitimate, non-discriminatory, business reason stated and not because of the Complainant's disability, sex, familial status, or pregnancy related condition. Additionally, the Respondent provided information on other Program Managers who were disciplined because of their performance and attendance in the last three years, and who were not known to be pregnant at the time that they were disciplined. No Program Manager was shown as being treated more favorably than the Complainant.

Although the Complainant alleged that the Respondent denied her a reasonable accommodation for her disability, the investigation did not reveal sufficient evidence to support her allegation. Under the NYS Human Rights law, employers are required to provide reasonable accommodation to employees with disabilities which impede their ability to perform the essential functions of their position or enjoy equal terms, conditions and privileges of their position. Once the employer is on notice of the need for accommodation, the employer has a duty to engage in an interactive process with the employee, to achieve an effective accommodation, unless the employee does not cooperate, the employee insists on his or her preferred accommodation, or the employee does not provide reasonable, requested medical documentation.

Additionally, reasonable accommodation is limited to such accommodations as do not impose an "undue hardship" on the employer. The employer is not required to change or reduce the essential functions of the job or create a "light duty" job where none exists. Where no accommodation exists that would permit the employee to perform the essential functions of the job, the employer has the obligation to accommodate by granting time off for recovery for temporary disabilities.

Here, the Complainant requested an accommodation to reduce her work-schedule to no more than 40-hours a week for a duration of about 6-months; however, the Respondent denied her request and asserted that it would create an undue hardship on the residence where the Complainant was employed. The record revealed sufficient evidence to support the Respondent's assertion that granting the Complainant's request would create an undue burden. Contemporaneous documentation revealed that the Complainant's position required 24/7 responsibility, and the Complainant frequently worked over 40-hours per week. The record also

revealed that the Respondent was short-staffed at the time, therefore it would've been difficult to find someone to fill-in for the Complainant.

The investigation revealed that after the Respondent denied the Complainant's requested accommodation, the Respondent engaged in an interactive process with the Complainant to find an alternative accommodation. The Respondent offered the Complainant a Modified Duty Assignment, a permanent transfer to a Clinical Assistant position, and a temporary medical leave-of-absence. The Complainant did not choose any of those options, therefore in August of 2018 the Respondent placed the Complainant on a temporary medical leave-of-absence until Complainant resigned on August 31, 2018, for another position. Therefore, the Respondent satisfied its burden under the NYS Human Rights law to accommodate the Complainant.

The Respondent has articulated legitimate, non-discriminatory reasons for the actions taken, said reasons have not been shown to be a subterfuge for an unlawful discriminatory practice under the New York State Human Rights law.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Americans with Disabilities Act (ADA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated:    February 12, 2019
          Albany, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Victor P. DeAmelia
Regional Director

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMIE L. RAUCCI,

                Plaintiff,                **CERTIFICATE OF SERVICE**

-vs.-                                            Civil Case No.: 1:19-cv-1002
                                                               (MAD/CFH)

CENTER FOR DISABILITY SERVICES, INC,

                Defendant.

      I hereby certify that on October 11, 2019, I electronically filed the foregoing letter to the Honorable Mae D'Agostino, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Ronald J. Kim, Esq.
Attorney for the Plaintiff
Ron@RonaldKimLaw.com

      And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF Participants: NONE.

Dated: Albany, N.Y.
        October 11, 2019

                                                JACKSON LEWIS, P.C.

                                                By: Benjamin F. Neidl
                                              *Attorney for Defendant*
                                              Bar Roll # 512303
                                              677 Broadway – 9th Floor
                                              Albany, N.Y. 12207
                                              (518) 512-8700 (Telephone)
                                              (518) 242-7730 (Facsimile)
                                              benjamin.neidl@jacksonlewis.com